IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.      3:09cr77/MCR
                                                                                       3:10cv169/MCR/EMT

DONALD WAYNE BAXLEY
_____/

## REPORT AND RECOMMENDATION

Defendant has filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 65). This matter is now before the court on Defendant's Fed. R. Civ. P. 41 motion to voluntarily dismiss his § 2255 petition (Doc. 75).[1] Defendant states that he requests dismissal of his § 2255 motion because he filed it "without an understanding of what was involved, nor the impact the Motion to Vacate would have on his direct appeal which is now in the Eleventh Circuit Court of Appeals" (Doc. 75 at 2). He asks the court to dismiss this action without prejudice so that he may refile it later "if appropriate" (*id.*).

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment. Because the Government has not yet been served in the instant case, it is clear that Defendant is automatically entitled to a voluntary dismissal at this time.

Although Defendant is entitled to voluntarily dismiss his § 2255 action, he should be aware of the following. Section 2255(f) establishes a one-year period of limitation for § 2255 motions, with the one-year period generally running from the date upon which the conviction became final.

---

[1] Defendant includes with his motion for voluntary dismissal a response to the court's order to show cause for the failure to provide, as previously directed, a service copy of the § 2255 motion.

*See* § 2255(f). A dismissal without prejudice will not excuse Defendant from compliance with the one-year period of limitation. Additionally, although a voluntary dismissal of a § 2255 motion is not an adjudication on the merits, *see* <u>United States v. Sosa</u>, 364 F.3d 507, 510 n.2 (4th Cir. 2004), Defendant should be aware that the fact his § 22255 motion is dismissed without prejudice does not necessarily preclude a determination that a subsequently filed § 2255 motion is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (Doc. 75) be **GRANTED**.
2. That this § 2255 action be dismissed without prejudice.

At Pensacola, Florida, this 9th day of July 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**